The Chancellor.
The complainant, Grace T. Clarke, is the mother of Doctor John T. Clarke, deceased. Elizabeth Cowen, Phebe Augusta Clarke, and Virginia Clarke (who, with the husband of Elizabeth Cowen, are the other complainants in the cause,) are sisters of the deceased. They have filed this bill against the defendants for an account of the estate of Doctor Clarke, which came into the hands of Caroline Johnston, as the administratrix of Doctor Clarke. She being the widow of the deceased, took out letters of administration before the surrogate of the county' of Mercer. Afterwards she intermarried with the defendant Alexander M. Johnston. The bill alleges that there has been great delay in the settlement of the estate, and that although two year’s had then elapsed since letters of administration were issued, the administratrix had not exhibited any accounts for settlement.
The defendants, in answering the bill, give an account of all the effects that had come to the hands of the administratrix and an account of the disbursements. As a reason why the estate has not been settled, the defendants state that there is a trust fund belonging to the *288 estate, which, is held in the state of Pennsylvania by the Girard Life Insurance and Annuity and Trust Company of Philadelphia, which they allege, through the interference of the complainants, has not come to the hands of the administratrix. They submit to account under the direction of this court.
The complainants filed a replication. One witness only was examined. The object of taking his testimony was to show the fact, alleged in the answer, that it was through the interference of the complainants that the trust fund mentioned had not been paid over to the administratrix.
The only question before the court, at this time, is whether the defendants must be decreed to account.
On behalf of the defendants, it is insisted, that an account ought not to be decreed, because letters of administration were taken out before the surrogate, and the Orphans Court has therefore jurisdiction of the cause.
This court has concurrent jurisdiction with the Orphans Court in the settlement of accounts of executors and administrators. It may assume, this jurisdiction, to the exclusion of the Orphans Court, in every case where the ends of justice may seem to require it. If any progress has been made in the Orphans Court in the settlement of the accounts, the Court of Chancery ought not to interfere with that tribunal, unless there is shown some good cause for its doing so. This was the view taken by the Chancellor in the ease of Salter et al. v. Williamson, administrator, (1 G. G. R. 480), and I think a correct one.
In the present case, the administratrix has done no more than to take out letters before the surrogate. She has not even filed an inventory of the estate. By putting in an answer, the settlement of the estate has progressed much further than it has in the Orphans Court. We have the inventory, the appraisement, and an account of the disbursements. There is manifest propriety, under these circumstances, in this court’s continuing the cause.
This being the case, the complainants, as a matter of *289 course, are entitled to an account. Under our statute, as the next of kin of the deceased, they are entitled to one half of the estate.
On the argument, the question was very fully discussed, as to who is entitled to the trust fund, and as to whether the defendants can have a decree for distribution, so as to draw all the estate out of the hands of the administratrix before the right to that fund is determined. But these questions cannot properly come up now. The only question at present is, must the administratrix account ? And as to this there can be no doubt. The question of distribution is distinct from the present, and comes up in another stage of the cause.
There must be a reference to a master, with the usual decree for that purpose.