The Ordinary.
On the second of February, 1858, an order of this court was made, upon the petition of two of the children of Elizabeth Kershaw, deceased, for the prosecution of the administration bond given by the administrators of her estate. On the 26th of April, 1858, judgment was recovered, in the name of the Ordinary, against the surviving obligors for $3000, the penalty of the bond. The court are now asked that so much of the amount of the said judgment as shall be needful for that purpose be applied to the satisfaction of the claim of the petitioners.
Elizabeth Kershaw, the intestate, died on the 26th of April, 1854, and on the 14th of June following letters of administration upon her estate were granted to her son, James Kershaw, and to Peregrine Sandford. The administrators gave bond in the usual form, with the condition prescribed by statute, with Andrew Mead and Cornelius G. Garrison as sureties. The administrator settled their accounts separately. On the final settlement of the accounts of James Kershaw, there was found a balance in his hands of $2091.53.
By a decree of distribution, made on the 11th of January, 1858, the balance thus found in the hands of the administrator was ordered to be distributed and paid to the three children of the intestate — one equal third part thereof, $697.-17-f, to each of said children. Two of these shares were distributed to the petitioners, the remaining share to the administrator.
Andrew Mead, the surviving surety on the bond, denies *529 his liability for the amount thus ordered to be paid to the petitioners, on the ground that a part of the assets found in the hands of the administrator consisted of a debt due from him to the intestate, and that the administrator was insolvent at the death of the intestate.
In Harker v. Irick, 2 Stock. 269, it was decided that if the administrator is insolvent at the date of the bond, and fails to discharge his indebtedness to the estate, the surety is not bound for such delinquencies of his principal. Eelying upon this principle, the surety claims, and has attempted to prove, that James Kershaw, the administrator, was insolvent at the date of the bond. The evidence fails to establish the fact. The burthen of proof is upon the surety, and he is bound to establish the fact beyond all reasonable doubt. The utmost that can be said of the evidence, which is voluminous and contradictory, is that it creates some doubt as to the solvency of the administrator. This is not sufficient. The evidence must go further, and establish affirmatively and clearly the fact of insolvency. A careful examination of the testimony shows that the weight of the evidence is decidedly against the allegation of insolvency.
But if the fact of insolvency had been distinctly proved the objection could not prevail. By the express provision of the statute, as well as by the well settled rules of law, the decree of the Orphans Court upon the final settlement of the executors and administrators is final and conclusive, and cannot collaterally be drawn in question. Nix. Dig. 556, § 27; Gray v. Fox, Layton 272; Den v. Hammel, 3 Harr. 73.
By the decree for the final settlement and allowance of the accounts of James Kershaw, the administrator, there was found in his hands a balance of assets amounting to $2091.53, which was, by a subsequent decree of distribution, ordered to be paid to the parties interested according to law. The surety now alleges, and this court is asked to decide that the amount of assets in the hands of the administrator was not so large as was ascertained by the decree by reason of the insolvency of one of the debtors of the estate. If he *530 may show that the administrator was insolvent, and thus impeach the decree, why may he not in like manner impeach the decree by showing that any other debtor of the estate was insolvent, and that the administrator had erroneously charged himself with the amount of such indebtedness ?
In Harker v. Irick, already referred to, it was said, that if under such circumstances, the administrator should in the settlement of his accounts charge himself with the debt, and the accounts should be passed in such shape as to bind the surety for the debt, the surety would be relieved, upon application to the proper tribunal, from such responsibility. But is this the proper tribunal? Unquestionably, if the administrator was solvent, the debt due the estate was assets in his hands, to be accounted for as such. The debt was inventoried and appraised as good, it was accounted for as assets, and decreed to be such in the hands of the administrator. This court is now asked, in a collateral proceeding, to declare that the decree was erroneous, and that the debt was not assets in the hands of the administrator. That can only be done directly either by application to the court by which the decree was made or by bill in Chancery. As against the surety, if in case of clear insolvency the administrator should charge himself with a debt of his own or of a third person who was insolvent by design or by mistake, and a decree should be made accordingly, it would operate as a fraud upon the surety, and would be relieved against in Chancery. Aside from the general principle, which prohibits calling in question the decree by a collateral proceeding, it is obvious that questions properly within the jurisdiction of other tribunals should not be drawn within the cognizance of this court, and the party be thus deprived of his right of appeal.
The bond upon which the judgment is recovered is a joint bond, upon which the defendants are all liable, as well the administrators as the'surety.
The petitioners are entitled to have assessed and raised upon the judgment the full amount of their distributive shares; according to the decree of the Orphans Court.