Frey *v.* Demarest et al.

---

ELZA ANN FREY *vs.* GARRET I. DEMAREST and others.

1. A bill in equity by the next of kin, for the distributive share of an estate in the hands of an administrator, will be sustained, where no decree for distribution has been made.

2. The statutory remedy by suit at law for the recovery of a legacy or a distributive share of an estate is *cumulative*, and was not designed to limit or qualify the ancient jurisdiction of the court of equity over the subject.

3. The Court of Chancery is not deprived of its original jurisdiction in any case, either by the operation of a statute conferring similar jurisdiction upon the common law courts, or by the adoption in those courts of the principles or practice of courts of equity.

4. The court of equity has concurrent jurisdiction with the Prerogative Court over the administration of the assets of deceased persons.

5. Unless for some special cause, a court of equity will not interfere with the ordinary jurisdiction of the Orphans Court in the settlement of the accounts of executors or administrators. Nor will it attempt to look behind such settlement, unless on the ground of fraud or mistake.

6. The retention by an administrator of the fund in his hands, mingled with his own funds and used for his own profit, will entitle the party beneficially interested in the fund to a discovery and an account, and to such decree as may be necessary to maintain and enforce the complainant's rights.

---

*C. H. Voorhis,* for Demarest, in support of the demurrer.

*Slaight,* for complainant, contra.

THE CHANCELLOR. The bill charges that Henry Frey died intestate, on the twenty-eighth of June, 1839, seized and possessed of considerable personal and real estate. On the seventeenth of September, 1839, letters of administration were granted to the defendants, who converted the personal property into cash and sold the real estate, by order of the Orphans Court, for the payment of debts. On the twenty-fourth of September, 1840, Demarest, one of the administrators, presented his separate account of the personal, and of the proceeds of the sale of the real estate, to the Orphans Court for settlement. The account was allowed and settled, leaving in his hands at that time a balance of $280.37, to which the complainant claims title. The complainant came of age in December, 1859, having been, on the death of her father, an infant about six months old. The defendant, Demarest, at the time of the settlement of his account, was aware of the complainant's rights, but has never paid over the balance in his hands, nor any part of it, but has mingled it with his own funds, and has used and applied it in his business for his own benefit, for more than twenty-one years last past, and so continues to use it, and has refused and still refuses to account to the complainant. The bill prays an account, and a decree for the balance of the estate in the hands of the defendants, with interest.

To this bill, Demarest, one of the defendants, demurs. The only question presented by the demurrer is, whether the bill contains any equity. The demurrer is general, and is directed to the whole bill. No objection, therefore, to the form or structure of the bill, or to defective averments therein, if such there be, or to a defect of equity in particular parts of the bill, can avail the defendant. *Story's Eq. Pl.,* § 442, § 443, § 453, § 528.

It appears by the bill that the account of one of the administrators was settled in the Orphans Court, and that there has been no decree for distribution. It is urged in support of the demurrer, that a bill in equity cannot be sustained by the next of kin for the recovery of the funds in the

hands of the administrator, prior to a decree for distribution. Such is undoubtedly the rule at law. *Ordinary* v. *The Ex'rs of Smith*, 3 *Green's R.* 92, 97.

The remedy by suit at law, for the recovery of a legacy or a distributive share of an estate, is of statutory origin and is regulated by the provisions of the statute. The statute requires, in order to the maintaining of a suit at law, not only that there should be a decree for distribution, but that a refunding bond should be tendered. *Nix. Dig.* 278, § 12; 279, § 17; 281, § 28.

This statutory remedy is of comparatively recent origin. It was intended for the ease and favor of persons entitled to distributive shares. It furnishes a cumulative remedy, and was not designed to limit or qualify the ancient jurisdiction of the court of equity over the subject.

Such was the view of Chancellor Kent in regard to a similar statute in the state of New York. *Decouche* v. *Savetier;* 3 *Johns. Ch. R.* 222; *Seymour* v. *Seymour*, 4 *Ibid.* 409.

And such, so far as I am aware, has been the view uniformly taken of our own statute.

The Court of Chancery is not deprived of its original jurisdiction in any case, either by the operation of a statute conferring similar jurisdiction upon the common law courts, or by the adoption in those courts, of the principles or practice of courts of equity. *Atkinson* v. *Leonard*, 3 *Bro. C. R.* 218; *King* v. *Baldwin*, 17 *Johns. R.* 384; *Sailly* v. *Elmore*, 2 *Paige* 497; *Varet* v. *New York Ins. Co.*, 7 *Paige* 560; *White* v. *Meday*, 2 *Edw. Ch. R.* 486.

The concurrent jurisdiction of the court of equity with the Prerogative Courts over the administration of the assets of deceased persons, has been long and well settled. The jurisdiction is constantly exercised in behalf of legatees and next of kin for the recovery of their shares of the estate, as well as on behalf of creditors and executors or administrators. 1 *Story's Eq. Jur.*, § 532, § 541–2.

The remedy of the next of kin for the recovery of a distributive share by bill in equity, was established as early as

the reign of Charles II. *Gibbons* v. *Dawley*, 2 *Chan. Cas.* 198; *Pamplin* v. *Green, Ibid.* 95; *Matthews* v. *Newley*, 1 *Vern.* 133; *Howard* v. *Howard, Ibid.* 134.

In this state the jurisdiction of the court of equity over the accounts of executors and administrators, and to enforce the claims of creditors, legatees, and next of kin, has been repeatedly affirmed, and is constantly exercised. The jurisdiction itself, as well as the limitations of its exercise, are well settled. Manuscript opinions of Chancellor Williamson in *Garrabrant* v. *Lawrence*, and in *Burtis et al.* v. *Adm'rs of Hopkins*; *Meeker* v. *Marsh, Saxton* 198; *King* v. *Ex'rs of Berry*, 2 *Green's Ch. R.* 44, 261; *Salter* v. *Williamson*, 1 *Green's Ch. R.* 480, 489; *Smith* v. *Moore's Ex'r*, 3 *Green's Ch. R.* 485; *Vanmater* v. *Sickler*, 1 *Stockt.* 483; *Clarke* v. *Johnson*, 2 *Stockt.* 287.

The cases show that a bill in equity may be filed for the recovery of a legacy or distributive share, either before or after a settlement in the Orphans Court. Unless for some special cause, a court of equity will not interfere with the ordinary jurisdiction of the Orphans Court in the settlement of the accounts of executors or administrators. Nor will it attempt to look behind such settlement, unless on the ground of fraud or mistake.

There is nothing in the complainant's bill to justify any interference with the settlement made by the administrator in the Orphans Court. But she is entitled to an account of the balance found to be in the hands of the administrator upon that settlement, with interest thereon, or with the accumulation thereof in the hands of the administrator. The great length of time that the fund has been in the hands of the administrator, not, as the bill alleges and as the demurrer admits, invested for the benefit of the complainant, but mingled with his own funds by the administrator, and used for his own profit, entitles the complainant to a discovery and an account from the defendant, and to the aid of this court in the maintenance of her rights.

The demurrer is overruled with costs.