HENRY I. CODDINGTON

*v.*

THE EXECUTORS OF CHARLES BISPHAM, deceased.

1. There is no estate applicable to the payment of legacies until the testa-
tor's debts are paid.

2. Though a creditor may be barred of his action against the executor of
his debtor, he is entitled to a remedy against his debtor's legatee, if the lega-
tee has received his legacy.

On application for money in the hands of a receiver appointed
by the court.

*Mr. R. E. Chetwood,* for creditor.

*Mr. H. K. Coddington,* for legatee.

VAN FLEET, V. C.

The question in dispute between the parties to this application
is, whether certain moneys under the control of the court, and
which represent the rents received from certain mortgaged prem-
ises, shall be paid to the person who holds the mortgage thereon,

Coddington *v.* Bispham.

or to the legatees of the mortgagor? The facts out of which the controversy arises may be summarized as follows: Three legatees under the will of Smith Coddington, deceased, brought suit in this court against the executors thereof, charging that they were mismanaging and wasting the estate under their control, and praying that they might be required to account here, that the estate might be settled here, and the legatees paid under the direction of this court, and also for the appointment of a receiver. Among the property which the executors were charged with mismanaging was a lot, with a dwelling thereon, situate in the city of Rahway. They were charged with collecting the rents and wrongfully refusing to apply them to the discharge of the taxes assessed against the house and lot. The house and lot were subject to a mortgage of $2,000 executed by the testator. Shortly after the bill was filed, a receiver, to take charge of the house and lot and collect the rents, was appointed with the consent of the executors. Afterwards, the mortgage was foreclosed and the house and lot were sold, under a decree of this court, for $1,200 less than the amount decreed to be due on the mortgage. The receiver has accounted, and there remains in his hands of the rents received a balance of over $300. It is admitted that the expenses of the administration and all the debts of the testator have been paid, except the balance due on the mortgage, and that the only persons who have any right to the balance in the hands of the receiver are the mortgage creditor and the legatees under the will of the mortgagor.

Counter-claims to the moneys are made. One of the legatees asserts his claim on affidavit and notice, and the mortgage creditor makes his claim by petition, in which he asks that he may be made a party to the suit instituted by the legatees, and after being so admitted that the moneys may be ordered paid to him.

When the matter was first fully opened, so that the nature of the opposing claims could be clearly seen, I thought it proper to intimate to counsel that it was probable neither of the parties could successfully claim the moneys, and that if they were disposed of in a strictly legal way, they would have to be ordered paid to the mortgagor's executors, in order that they might be

Coddington *v.* Bispham.

put in due course of administration. Both counsel at once said that nobody wanted that course adopted; that if the moneys reached the hands of the executors, it was quite probable they would be lost to both creditor and legatees, and that in view of that fact, and because the amount in dispute was so small, that if proceedings were taken to have the executors removed, and some other representative of the testator appointed in their place, a large part of it would be consumed in legal expenses; they had agreed to bring the matter informally to the attention of the court, and all they desired was an opinion whether, in the due administration of the fund, it should be paid to the mortgage creditor or to the legatee. All matters of substance, as well as of form, standing in the way of reaching that question regularly, and deciding it so as to bind the parties, were to be considered waived.

On the question so presented, I do not think there can be two opinions. The money in dispute represents income from the property which was pledged to pay the mortgage debt; the money is in the possession of a tribunal to which both claimants have appealed for aid—the legatee to be protected against the wrongful conduct of the executors, and the mortgagee for the collection of his debt—and in disposing of the money, that tribunal must have a careful regard for the relative rights and position of the parties. The legatee stands simply in the rights of his testator, and he, in this case, is a debtor, and that too by the decree of this court. If he were the claimant, and it appeared, as it now does, that he stood, by the decree of this court, indebted to the other claimant, in a sum largely in excess of the sum in the possession of the court, it could scarcely be regarded as respectful for him to ask the court to hand the money over to him, and let its decree go unperformed. Such a request might very properly be regarded as a solicitation to the court to allow its decree to be contemned before its face. His legatee cannot stand a whit higher. He must trace his right through his testator, and if the court would not give the money to his testator, it should not give it to him.

And of what advantage to the legatee would an order be that

the money should be paid to him? There is no estate properly applicable to the payment of legacies until the testator's debts are paid. Legatees have no rights, as such, until the creditors of the testator are satisfied. A legatee is not entitled to the payment of his legacy until he has given a refunding-bond. And, though a creditor may be barred of his action against the executor of his debtor, he is entitled to a remedy against his debtor's legatee, if the legatee has received his legacy. *Rev. p. 765 § 67.* A payment should, under no circumstances, be ordered to be made to the legatee, except on condition that he first executed a refunding-bond, and if he received the money upon such terms, it would do him no good—for he would be bound to return it— unless he is in such indigent condition that his bond is worthless, and then to order the money paid to him, would, to state the truth plainly, be handing the money over to him, that he might retain it against his testator's creditor. That the court cannot do.

As between the two claimants the creditor is entitled to the money.