GEORGE L. FIELD

*v.*

JEREMIAH H. FIELD, executor, and MICHAEL F. FIELD.

[Filed October 24th, 1900.]

Although an accounting by an executor has been begun in the orphans court, the court of chancery will entertain a suit for an accounting in that court by next of kin and legatees of the testator where special reasons for proceeding in that jurisdiction are shown.

On bill and plea.

*Mr. John H. Backes,* for the complainant.

*Messrs. Fluck & Parker,* for the defendants.

REED, V. C.

The defendant, as surviving executor of Michael T. Field, filed a second account in the orphans court of Hunterdon county in 1895. Exceptions were filed to said account on August 15th, 1895. On September 15th, 1895, the same came on for hearing; some testimony was taken and the hearing was adjourned until October 2d, 1895, at the request of the exceptants, and to enable them to agree upon an auditor to state the account; and if they failed to do so, then to proceed to take further testimony in be-

Field *v.* Field.

half of such exceptants. They failed to agree upon an auditor, or to appear and continue the taking of testimony, and the matter has slept until the filing of this bill.

The bill is filed by children and legatees of the testator, and prays for an accounting in this court. It sets out that the executor bought in certain real estate at a foreclosure sale, under a decree which he had bought with the money of the estate, and that he claims to hold the said real estate as his individual property. The bill asks that it may be decreed that he holds the said real estate in trust for the estate. It also prays that an account may be taken of the rents and profits from said real estate. It also asks that he may be decreed to record the deed made to him by the sheriff for the said real estate. It also asserts that the executor is insolvent, and charges him with mingling the funds belonging to the estate with his own, and with using them to carry on his private business.

The plea challenges the jurisdiction of this court to take the account out of the hands of the orphans court after it had begun the accounting.

It is settled that this court will not interfere with the jurisdiction of the orphans court, which has once attached, unless some special cause is shown.

There are, in my judgment, special reasons why this court should hold this accounting.

The facts set out in the bill call for relief which the orphans court cannot grant. The bill seeks to impress a trust upon the real estate bought by the executor, and also for an accounting of the rents and profits accruing from the said real estate. It seeks a sale of this property. All these are matters exclusively for equitable cognizance. They involve questions which can be settled only in a court of equity, and questions which should be settled before any accounting can be completed.

There must be an order overruling the plea, with costs, directing the defendant to answer the bill in thirty days, and if he fails to do so that the bill will be taken as confessed against him.