Hanneman *v.* Richter.

LOUIS HANNEMAN and ELSIE LOUISE HANNEMAN

*v.*

MATILDA RICHTER, individually and as executrix of the will
of Henry Ludemann, et al.

[Filed October 9th, 1902.]

1. A bill for partition claimed that the defendant was a tenant in
common with complainant under a certain devise, and the answer denied
the title of complainant on the ground that the question of title was *res
adjudicata* between the parties. Complainant moved to strike out that part
of the answer denying the title.—*Held*, that the motion should be denied,
such a motion being, under Rule 213, not a demurrer, but a substitute
for an exception, and the part of the answering question not being
impertinent.

2. A motion to strike out a cross-bill on the ground that the matters
stated are irrelevant to the case made by the bill, is a substitute for a
demurrer and raises the question of the legal sufficiency of the allegations
of the cross-bill as the basis for the relief therein prayed.

3. In partition by two complainants, defendant set up claims against
one of complainants. Some of the claims being due defendant as executrix
and some individually and jointly with another—*Held*, that the claims
could not be considered.

4. In partition, claims of complainant against defendant for rents of
the premises collected by defendant may be adjudicated.

5. A bill not only sought partition against a tenant in common, but
sought to recover of defendant, as executrix of a decedent, for rents of
the premises collected and retained by him after he had ceased to be
trustee of the premises. An answer went to the merits of the claim as
to the decedent and a cross-bill set up a set-off.—*Held*, on a motion to
strike out the cross-bill and a part of the answer, that the bill would be
regarded not as filed in partition, but as one to recover the moneys owing
complainants in different proportions, and proper set-offs would be allowed.

On motion to strike out cross-bill and part of answer.

*Mr. Charles H. Hartshorne,* for the motion.

*Mr. Clarence Kelsey, contra.*

48

STEVENSON, V. C.

The bill is filed for the partition of real estate, setting up legal title of the complainants under a devise in the will of Henrietta Ludemann, deceased. The bill also prays for the discovery of matters directly affecting the complainants' alleged title, and sets forth that the defendant Matilda Richter, alleged to be a tenant in common with the complainants, has collected the rents of the lands in question, and prays for an accounting.

The bill further prays that the defendant Matilda Richter, as executrix of one Henry Ludemann, account for rents collected by said Henry Ludemann in his lifetime, as trustee or individually, and appropriated by him for his own use. The defendant Matilda Richter, apparently in her individual capacity, demurred to the bill on the ground that the proper construction of the devise in question gave the entire title to her and excluded the alleged title of the complainants, and therefore the complainants were not entitled either to discovery or relief.

The chancellor held that the complainants' right to discovery depended upon the construction of the devise in question, and that therefore a construction had to be placed upon the devise by this court. The devise was then so construed as to establish the complainants' right of discovery and the demurrer was overruled. *Hanneman* v. *Richter, 17 Dick. Ch. Rep. 365.*

The court did not decide that the complainants were entitled to partition. On the contrary, the opinion of the chancellor, which was adopted by the court of errors in affirming his order overruling the demurrer, expressly states that "if the defendant answers, making discovery and setting up an adverse title upon the construction of the will which she claims, there may then arise a question whether this court, having acquired jurisdiction to award relief by discovery, may not proceed to determine all the questions in the case, or whether, upon proceedings to partition, it should require the title to be settled by an action at law."

The defendant now files precisely the kind of answer indicated in the chancellor's opinion—among other things, setting up and insisting upon the construction of the devise in the will of Henrietta Ludemann which, on demurrer, this court and the

court of errors and appeals rejected. The answer also sets up matter by way of cross-bill.

The present motion is to strike out so much of the answer as denies the title of the complainant upon the ground that the question of title is *res adjudicata* between the parties in this cause, and to strike out the cross-bill on the ground that the matters stated therein are irrelevant to the case stated in the bill of complaint.

The motion to strike out a part of an answer, under Rule 213, is an exact substitute for an exception. It is not a demurrer raising the question of the legal sufficiency of a defence set up by the answer, no demurrer to an answer being recognized in equity pleading. *Doane & Jones Lumber Co.* v. *Essex Building and Land Co., 14 Dick. Ch. Rep. 142; Haberman* v. *Kaufer, 15 Dick. Ch. Rep. 271.*

An exception to the portion of the answer objected to on this motion would seem, necessarily, to raise only the question whether or not the matter alleged in the answer is impertinent. "To succeed in this motion" the complainant "must show that the matter criticised is so unrelated to the complainant's claim as to be unworthy of any consideration as a defence." *2 Story Eq. Pl.* § *267.* "On such a motion, if the part objected to should be found to be so connected with the subject-matter of the complainant's suit that it may fairly be deemed to present some question of either law or fact which the court ought to hear and determine, then it cannot be stricken out as impertinent, but must be considered, and its sufficiency must be passed upon as a defence, either of fact or of law, to the action." *Haberman* · v. *Kaufer, supra* ( *Vice-Chancellor Grey*).

That there is a question "which the court ought to hear and determine" presented by the portion of the answer sought to be excised is plain, and is expressly recognized by the chancellor and by the court of errors and appeals in the language above quoted. This question must be determined on final hearing. The motion to strike out a part of the answer will be denied. ·

The motion to strike out the cross-bill is precisely what the motion to strike out a part of the answer is not. It is a substitute for a demurrer, and raises the question of the legal suffi-

ciency of the allegations of the cross-bill as the basis for the relief therein prayed.

The cross-bill sets up various claims, amounting to over $7,000, of the defendant Matilda Richter, as executrix of Henry Ludemann, deceased, against one of the complainants, Louis Hanneman, and prays that this complainant account for said moneys, and also prays generally for other relief.

A large part of the money claimed appears, by the allegations of the cross-bill, to belong, in fact, to the defendant individually jointly with two other persons, one of which two persons is not a party to this suit. None of the claims is against any other party except Louis Hanneman, who is one of the two complainants, and none of them has any connection whatever with the land of which partition is sought in this suit or the rents and profits thereof.

No authority is cited to sustain this attempt to use a partition suit as a means of adjusting personal demands between the parties which have no relation to the land or proceeds thereof to be divided in the suit. I do not mean to recognize or apply, beyond the absolute requirements of this particular case, any rule which would tend to fetter this court, when parties litigant are before it, in adjusting all the equities between the parties, so as to accomplish complete justice between and among them. That it is wise to be cautious in laying down such rules is illustrated, I think, by the history of the rule which excluded set-offs in foreclosure suits, a rule which the legislature recently has, in my judgment, wisely abolished. *P. L. of 1900 p. 310.*

But the difference between a foreclosure suit and a partition suit, in respect to set-offs, is plain. In a foreclosure suit, the complainant is seeking to collect a debt out of somebody's property on which it is charged as a lien. In the case of a partition suit, without other incidents, the object is simply to effect a division or a distribution of property which is owned jointly by the parties to the suit. There is no debt from one to the other in such a case. To allow all parties in a partition suit, perhaps ten or twenty tenants in common, to use the suit to settle their various legal and equitable claims *inter sese* would add enormously to the delays and complexities of litigation.

But in this present partition suit, as is often the case, the bill prays for an accounting for rents. This claim is based upon the idea that one tenant in common has received rents, issues and profits from the land which, in equity, belongs to all the co-owners. This equity is adjusted. It relates directly to the subject-matter of the suit.

It may be that a case may be stated where a party, in a partition suit, liable to account for rents might be allowed to set off an independent liability for himself from the party, from all the parties, to whom his liability for rents exists and is enforced in the suit. Without undertaking to discuss any such possible situation, it is enough to say that it is not presented in this case.

There are two distinct claims presented by the complainants' bill for an accounting for rents. One of these is against Matilda Richter individually, and is based on the charge that she (Matilda), being a tenant in common with the complainants, has, during a certain period, appropriated the entire rents to her own use. As no set-off is pleaded to this claim, it may be dismissed from consideration.

The other claim for an accounting is against Matilda Richter in her capacity of executrix of Henry Ludemann, deceased, and it is based upon the charge that Henry Ludemann, for a certain period, held the premises in trust for the complainants and others, and then, when his trust expired, he continued in possession, and that, during the whole period, he appropriated the rents to his own use. Henry Ludemann thus is exhibited as having no personal interest whatever in the land. Consequently no interest passed, upon his decease, to his executrix, if such a thing were possible. Matilda Ritcher, as executrix, apparently is sued in this partition bill for an accounting for moneys which her testator owed, at law or in equity, to the parties to this suit or those from whom they claim. No objection has been raised, on the part of Matilda Richter as executrix, to the joinder of this cause of action against her with the suit for partition. Her answer denies that her testator, Henry Ludemann, unlawfully appropriated rents, either while he was trustee or afterwards; and, on the contrary, sets up that he received the rents, during

the whole of the period in question, rightfully, as tenant by the curtesy, he being the surviving husband of Henrietta Ludemann, deceased. The claim in the bill for an accounting against Matilda Richter, as executrix of Henry Ludemann, is thus met by an absolute defence in the answer and a set-off in the cross-bill.

I shall not, at present, question the *status* of the complainants' claim to an accounting against Matilda Richter as executrix, inasmuch as the right to litigate this claim in this cause has not been challenged, but, on the contrary, has been apparently admitted by the defences which are interposed. For the purposes of this motion I shall regard the bill, not as if filed in a partition suit, but as a bill filed by the complainants against Matilda Richter, as executrix of Henry Ludemann, to recover moneys which Henry Ludemann's estate owes, in different proportions, to the two complainants and the defendant Matilda Richter individually. In this aspect proper set-offs may be pleaded. The difficulty about the various debts set up in the cross-bill, by way of set-off, is that they are not between the same parties between whom the claim for an accounting exists.

"Courts of equity, following the law, will not allow a set-off of a joint debt, against a separate debt, or conversely of a separate debt against a joint debt; or, to state the proposition more generally, they will not allow a set-off of debts accruing in different rights." *2 Story Eq. Jur.* § *1437; Robbins* v. *McKnight, 1 Halst. Ch. 642, 647; Black* v. *Whitall, 1 Stock. 572, 577; Trotter* v. *Heckscher, 13 Stew. 612, 657.*

The authorities above cited show that "special circumstances" may modify this rule and permit a set-off in equity which would not be allowed at law, but no such special circumstances exist in this case.

The cross-bill will be stricken out. No costs of this motion will be allowed to either party, each having been, in part, successful.