LLOYD G. BEATTY, as receiver of Jersey Mutual Casualty Insurance Company, complainant-respondent,

*v.*

MARY V. WUNSCHEL, BRIDGET WEBSTER, ALICE RYAN and the EDWARD TRANSPORTATION COMPANY, defendants-appellants.

[Submitted October 28th, 1937. Decided January 26th, 1938.]

On defendants' appeal from two orders advised by Vice-Chancellor Stein, who filed the following opinion:

"The complainant is the receiver in insolvency of the Jersey Mutual Casualty Insurance Company, a domestic mutual insurance company. Between January 1st, 1928, and January 13th, 1931, George C. Wunschel, a Hoboken jitney bus operator, was insured in said company against loss or damage occasioned by his negligent operation of his jitney vehicles.

"By decree of this court dated March 28th, 1933, in the receivership administration suit, the complainant was directed to levy an assessment against all policyholders, for an amount equal to one hundred per cent. of the premiums written in their policies—in order to raise a fund to pay the losses and expenses of the defunct company, not provided for by its available assets. Pursuant to that decree, the complainant on April 1st, 1933, assessed Wunschel the sum of $870.04, and made written demand for payment thereof—but no part was ever paid.

"Wunschel died intestate on October 15th, 1934, and his widow, Mary Wunschel, is the administratrix of his estate.

"On September 3d, 1936, the complainant duly presented his assessment claim in writing to the administratrix, and the validity thereof was not disputed or questioned until *after* the filing of this suit, and then not by notice in writing as required by section 71 of the Orphans Court act. *3 Comp. Stat. 1910 p. 3835.*

"Wunschel died possessed of a jitney bus purchased on November 3d, 1933, for $3,266, a franchise to operate the same, worth upwards of $1,000, $175 in cash deposits, and some questionable equities in heavily encumbered real estate. Notwithstanding these assets, Mrs. Wunschel qualified as administratrix under a $150 bond because she alleged in her petition for administration that the assets of the estate were worth only $75. She never filed an inventory.

"After alleging the foregoing facts, the bill of complaint charges that on May 29th, 1935, the defendant-administratrix fraudulently conveyed the bus and franchise to the defendant Edward Transportation Company, a "dummy" corporation organized by her and paid for out of the assets of the estate; that the conveyance was made without consideration and ren-

dered the estate insolvent; that the capital stock of the corporation is held by Mrs. Wunschel and the co-defendants Bridget Webster, her mother, and Alice Ryan, her sister, who are also officers and directors—none of the defendants having paid any consideration whatsoever for the stock; that the administratrix filed a false and fraudulent accounting in the Hudson county orphans court which has not as yet been allowed, wherein she concealed the assets and income of the estate, and claimed disbursements which she never made; and that she fraudulently understated and failed to disclose the true value of the estate in her petition for administration.

"The bill prays, among other things, that the administratrix make discovery and account in this court; that it be decreed that the defendant corporation holds its assets, in trust for the decedent's estate; that appropriate incidental relief be granted, including an injunction and receiver *pendente lite*.

"This matter is now before the court on the return of an order to show cause why a preliminary injunction should not issue, and why a receiver *pendente lite* should not be appointed.

"The material facts above set forth are fully supported by the affidavits annexed to the bill. The answering affidavits do not controvert the material factual allegations of the bill, and are insufficient to stay the hand of the court. Most of the affidavits are argumentative. Parts of the affidavits are based on hearsay or belief of the affiants; they are full of legal conclusions, and in part equivocal and adroit. For instance, the affidavit of Mrs. Wunschel asserts: 'I deny that my husband was legally and properly insured * * * I do not believe that Mr. Beatty has ever seen these two policies * * * I do not believe he ever saw my husband * * * I state it is my belief and have been reliably informed by counsel that the insurance coverage was not legal. * * * My husband was not a member in the legal sense of the word. * * * I do not know whether the records disclose what Mr. Wildstein said it did. * * * I do not know what the records on file with the Public Utility Commission disclose. * * *

There is a question in the law as to whether that franchise was valuable or not.'

"The defendants cannot successfully challenge the jurisdiction of this court. Equity has jurisdiction to compel an administratrix to settle her account, for discovery of assets, and for other equitable relief, even though the orphans court has entertained an account, where special circumstances are shown. *Salter* v. *Williamson, Adm'r, 2 N. J. Eq. 480; Field* v. *Field, 61 N. J. Eq. 154; Nelson* v. *Errickson, 81 N. J. Eq. 226; Filley* v. *Van Dyke, 75 N. J. Eq. 571; Vaiden* v. *Edson, 85 N. J. Eq. 184.*

"The bill, in my opinion, establishes abundant justification for intervention. In my judgment, the causes for complaint amply supply the necessary reasons which make it not only the right, but the duty of this court to take over the accounting from the orphans court. They involve questions which can only be settled in a court of equity, and which should be settled before any satisfactory accounting could be completed.

"And where, as here, the defendants' answering affidavits do not meet the complainant's proofs, and it appears probable that complainant will prevail on final hearing, a preliminary injunction may issue (*Ideal Laundry Co.* v. *Gugliemone, 107 N. J. Eq. 108; Paragon Distributing Corp.* v. *Paragon Laboratories, Inc., 99 N. J. Eq. 224*), and a receiver *pendente lite* will be appointed. *Sobernheimer* v. *Wheeler, 45 N. J. Eq. 614; McCarter, Attorney-General,* v. *Clavin, 72 N. J. Eq. 642.*

"Decree will be advised in accordance with the foregoing conclusions."

*Mr. Edward Stover,* for the appellant.

*Mr. Israel B. Greene,* for the respondent.

PER CURIAM.

The facts in this case sufficiently appear in the opinion below. The appeal is from two orders: one, appointing a

temporary receiver to operate and control the bus corporation as in effect the principal asset of the estate of George C. Wunschel, deceased; restraining the individual defendants from disposing of or encumbering the stock in said corporation standing in their names; and from collecting dividends thereon; restraining the corporation from disposing of or encumbering its property (principally a bus, and a local franchise to operate it); appointing a temporary receiver to conduct the bus business; and taking over into the court of chancery the accounting of the estate of deceased Wunschel. The second order refused a stay of the injunction and receivership.

The suit is in effect one by a creditor of a deceased debtor to prevent a fraudulent disposition of the estate in order to avoid payment of the complainant's claim. We concur in the finding of the vice-chancellor that the fraudulent conduct he recites was amply proved, and consider that the relief awarded *pendente lite* was properly so awarded.

As to taking over the accounting of the estate on grounds of fraud, it is sufficient to cite *Filley* v. *Van Dyke, supra,* relied on in part by the vice-chancellor.

As to the denial of a stay pending appeal, it should be obvious that the granting of such a stay would necessarily have defeated the whole aim and object of the suit, and have left the court with nothing on which to act in case of an affirmance.

The orders under review are affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.