Edward M. Van Buren, Sr., in his lifetime was an insurance broker in New York. Complainant, Edward M. Van Buren, Jr., was in that business with his father. The Plainfield *Page 245 
Trust Company is the executor and trustee under the will of Edward M. Van Buren, Sr., deceased.
In the fifth paragraph of his will the father gave to his son "the general insurance business which is now being conducted by me in the City of New York." In the second paragraph he provided: "* * *
"(c) All other personal effects, acquired by me prior to my marriage to my wife, Ruth M. Van Buren, including books, pictures, furniture and household effects, exclusive of all farm implements, machinery, live stock and equipment located on my farm in the Township of Easton, Talbot County, Maryland, I give and bequeath in equal parts, unto my three children, Edward M. Van Buren, Jr., Alison Crary Van Buren and Julian Morris Van Buren, or to such of them as shall survive me, the same to be theirs absolutely and forever."
Upon the decedent's death he left two bank accounts in The Plainfield Trust Company, the one in the sum of $3,789.61, which was his business account; the other designated "Personal Account" in which there was a balance of $3,783.43, the two totaling $7,573.04.
In this suit the complainant seeks construction of his father's will and a decree that the sums aforesaid on deposit passed to him under the fifth paragraph of his father's will, together with all unearned commissions on fire and insurance policies written by the deceased from the date of his death to the expiration of the policies, amounting to about $9,828.23, and unearned commissions on life insurance policies for the same period amounting to about $400. Under the second paragraph of the will above set forth complainant charges that he was entitled to one-third of all his father's personal effects therein mentioned and that the executor and trustee failed to distribute his share to him.
Under the fifth paragraph of the decedent's will, the complainant is entitled to the money on deposit in the business account and also the difference, if any, between the business bills receivable and payable. Coyle v. Donaldson, 91 N.J. Eq. 138; 108 Atl. Rep. 308; Murphy v. Murphy, 118 N.J. Eq. 108;177 Atl. Rep. 682; affirmed, 119 N.J. Eq. 83; 180 Atl. Rep. 829. *Page 246 
However, complainant admits that he received $1,755.82 from The Plainfield Trust Company on account of commissions on policies canceled after the death of the testator and before the expiration of the date of such policies. It is also established by the evidence that at the request of complainant and by an arrangement made with him the executor and trustee paid $8,621.06 to complainant for moneys due insurance companies at the date of the decedent's death and to assureds for return premiums due at the date of the decedent's death, and delivered to complainant the insurance business having an inventory value of $4,451.97.
Further it appears that in the year 1936 the executor and trustee filed an intermediate account in the Union County Orphans Court to which account complainant filed certain exceptions. One of the exceptions raised the question concerning commissions on business conducted through Connecticut Mutual Life Insurance Company and alleged that these commissions had not been accounted for or turned over to the complainant, but no claim was therein made to any unearned commissions on fire or casualty policies, or for the delivery of any other assets of the general insurance business. At that time the complainant had been and was receiving from the executor under the arrangement hereinabove mentioned the sums of money set forth totaling $10,376.88. The executor gave notice of motion to strike the exceptions, whereupon complainant withdrew them and the court on November 20th, 1936, dismissed the exceptions and entered decree allowing the account.
The executor and trustee contends that the decree of the Union County Orphans Court so entered on the account filed by it as executor is conclusive and cannot be attacked in this proceeding relying upon R.S. 3:10-18 which provides that the decree of the Orphans Court on the final account of an executor shall be conclusive, except as to assets which may come to his hands thereafter, or where fraud or mistake in the account is proven to the satisfaction of the court. While it is true that the account filed was an intermediate account and not a final account, the cited section nevertheless applies to intermediate as well as final accounts of executors, and a *Page 247 
decree is conclusive unless the complainant shows fraud or mistake. Beam v. Paterson Safe Deposit and Trust Co., 96 N.J. Eq. 141; 126 Atl. Rep. 25; affirmed, 99 N.J. Eq. 427;132 Atl. Rep. 921; Melosh v. Melosh, 125 N.J. Eq. 486; 6 Atl. Rep.
2d 472. There is in this case no charge by complainant of fraud or mistake in the allowance of the account. The opportunity was afforded complainant in his exceptions to that account to raise all of the questions which he now raises but which he failed to do. His present suit in reality constitutes an indirect attack upon the allowance of that account by the Orphans Court and it is fundamental law that that account cannot be inquired into collaterally in another court. Voorhees v. Voorhees'Executor, 18 N.J. Eq. 223; Ordinary v. Kershaw, 14 N.J. Eq. 527.
Moreover, the time for appeal from that decree has long since expired, and since there is here no charge of fraud or mistake, the decree on the account is conclusive. Black v.Whitall, 9 N.J. Eq. 572; Executors of Conovers v. Conover,1 N.J. Eq. 403; Frey v. Demarest, 16 N.J. Eq. 236.
With respect to the charge by complainant that the executor and trustee failed to distribute to him his proper share of the personal effects under the second paragraph (c) of his father's will, it appears that in the aforementioned intermediate account filed in 1936 the executor and trustee set forth that it had distributed chattels equally to the widow and the three children of the decedent and prayed allowance thus: "Delivered household furnishings, c., as follows: Edward M. Van Buren, Jr., $832.12; Allison V. Regan $832.12; Julian M. Van Buren $832.13; Ruth M. Van Buren $832.13."
With respect to this portion of the account complainant in his exceptions says: "First: Under title `Section — as to Corpus'
in which the Accountant prays allowance, the household furnishings, c., alleged to have been delivered were divided into one-quarter parts, Edward M. Van Buren, Jr., the exceptant, Allison V. Regan, Julian M. Van Buren and Ruth M. Van Buren, whereas under the provisions of paragraph Second `(c) and (d)' the personal effects acquired prior to the decedent's marriage to Ruth M. Van Buren were *Page 248 
bequeathed unto Edward M. Van Buren, Jr., Alison Crary Van Buren and Julian Morris Van Buren, each to receive an equal one-third part; and as to personal effects acquired subsequent to the decedent's marriage to Ruth M. Van Buren, they were bequeathed as follows: one-third unto the wife, Ruth M. Van Buren, and the balance representing two-thirds to be divided equally between the aforementioned three children." So that the complainant at that time also by exception challenged the distribution of the personal effects of the decedent which exception he also withdrew and thereupon decree was entered. The distribution so made was a matter which was before the Orphans Court in that accounting and the decree of that court is res judicata. The binding effect of that decree by failure of complainant to assert his rights cannot now be questioned by him. Moreover, while the remedy of the next of kin for the recovery of a distributive share is by a bill in equity, Frey v. Demarest, supra, we are not here concerned with a "distributive share." A distributive share is that share which a person takes in personal property of an intestate.
The bill of complaint will be dismissed.