9 N.J. Super. 591 (1950)
76 A.2d 47
REGINA ROBERTSON AND WILLIAM W. ROBERTSON, HER HUSBAND, PLAINTIFFS,
v.
ESTELLE BIERNACKA, INDIVIDUALLY, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 20, 1950.
*593 Mr. David M. Litwin, attorney for petitioner.
Mr. Frank J. Pietrucha, attorney for respondent.
STEIN, J.S.C.
The matter presently before the court is the plaintiff's application on petition and order to show cause, why certain accounting proceedings now pending in the Essex County Court should not be consolidated with the above entitled action in this court, the accounting to be proceeded with thereafter in this court and in the within action. Of the two actions the one in this court is prior in point of commencement. It was brought on June 26, 1950, by one of five coparceners seeking a partition of real estate and asking that the defendant Estelle Biernacka account for rents collected over a period of more than seven years. In that action the defendant Caroline Kunze and her husband have filed answer, admitting the allegations of the complaint in partition and joining in the demand for a judgment for partition and accounting of rents.
The interests of the parties to this action are derived from the will of the mother, Mary Mazurczyk, who died in 1943. She specifically devised her real estate to her five children in equal shares. They and their spouses are the parties to this action. By the will, the daughter Estelle Biernacka was appointed sole executrix, with a power of sale. However, the real estate is not devised to her. Since the death of the testatrix Mrs. Biernacka has collected the rents of the property, amounting to over $21,000, out of a gross estate of approximately $39,000.
The executrix filed no accounting for over seven years. On the last day available to her for pleading in the partition suit, she commenced accounting proceedings in the County Court, subsequently filing her accounting there, in which she included the rents received by her. Plaintiffs now seek, under Rule 3:42-1, to have that accounting proceeding *594 transferred to this court and consolidated with the within action. That is resisted by Mrs. Biernacka on the claim that she collected the rents with the consent of her co-tenants and in her capacity as the executrix acting under a power of sale. Her position is not well taken. The power of sale was a naked one and did not carry with it the right to collect rents which were due to the five devisees as tenants in common. In collecting these rents, Mrs. Biernacka was the collecting agent for the consenting owners and was accountable to them as their trustee. Such a fiduciary may not account in the County Court, whose powers in probate matters are those of the former Orphans' Court. That court is purely statutory and of limited jurisdiction. Nor does the commingling of those rents with other funds which came to the executrix allow an accounting of the whole fund in the probate forum. Aside from this, the accounting in the County Court has not been passed upon. That accounting and the one sought in this court present some common questions of law and fact and a transfer is therefore proper under Rule 3:42-1.
That this court has jurisdiction of the entire accounting is plain. So far as the rents are concerned, the accounting of them is incidental to the primary relief of partition. Izard v. Bodine, 11 N.J. Eq. 403 (Ch. 1857); Keeney v. Henning, 58 N.J. Eq. 74 (Ch. 1899); Hanneman v. Richter, 63 N.J. Eq. 753 (Ch. 1902); Cole v. Cole, 69 N.J. Eq. 3 (Ch. 1905); Creech v. McVaugh, 140 N.J. Eq. 272 (Ch. 1947).
As to those items which do not constitute rents collected by the executrix, this court may well assume jurisdiction to compel an accounting. This court has always had jurisdiction over decedents' estates. By statute a concurrent jurisdiction was conferred upon the former Orphans' Court. As was pointed out by Vice-Chancellor Backes in Home Brewing Co. v. Mahler, 92 N.J. Eq. 323 (Ch. 1920), the jurisdiction of the Orphans' Court, while called "concurrent," was in fact a jurisdiction subordinate to Chancery's inherent jurisdiction and that "Chancery yields, or rather refrains, from *595 exercising its jurisdiction over decedent's estates, always, when the administration in the orphans court is routine and without complication. In complications, or whenever the ends of justice demand, and whether the orphans court has assumed jurisdiction or not, chancery may, and does, interpose." Citing Salter v. Williamson, 2 N.J. Eq. 480 (Ch. 1841); Clarke v. Johnston, 10 N.J. Eq. 287 (Ch. 1854); Frey v. Demarest, 16 N.J. Eq. 236 (Ch. 1863); Dorsheimer v. Rorback, 23 N.J. Eq. 46 (Ch. 1872); Coddington v. Bispham, 36 N.J. Eq. 224 (Ch. 1882); affirmed, at p. 574 (E. & A. 1883); Field v. Field, 61 N.J. Eq. 154. See also Beatty v. Wunschel, 123 N.J. Eq. 192 (E. & A. 1938).
The situation laid before me establishes abundant reason for this court's intervention. At the oral argument both sides stated matters which can only be settled in a court of equity. In this court all the controversies between the parties traceable to the mother's will can be heard and determined, thus avoiding multiplicity of action and the delays and expenses incidental thereto.
An order of consolidation, as prayed for, will be entered. Present order.