Miller *v.* Worrall.

Henry H. Miller et al., appellants,

*v.*

Amelia K. Worrall et al., respondents.

[Argued November Term, 1900.    Decided March 4th, 1901.
Filed March 5th, 1901.]

1. The intention of a testator is to be collected from all parts of the will, and it must be clear, or else the heir-at-law will not be disinherited.

2. The words "all the rest and residue of my property, personal and mixed, wheresoever situate, which I now own, and any or all accumulations therefrom, I give, devise and bequeath," &c., will be held to pass only personal and mixed property, and not the real estate of which the testatrix died seized.

3. While the testatrix uses the words "all the rest and residue of my property" and the word "devise," yet, in view of the words "personal and mixed," immediately following "property," they will be held to qualify and define the kind of property intended to be disposed of by the will, and no broader signification will be given to the words "personal and mixed" than their usual technical meaning conveys.

On appeal from a decree advised by Vice-Chancellor Stevens, whose opinion is reported in *14 Dick. Ch. Rep. 134.*

The bill in this case was filed—*first,* for directions to the executors of John Jelliff, deceased, as to whether Caroline A. Riggs, one of his children, who died before the life tenant (his widow), took a vested interest in the estate of her father at his death, or would only take it in case she outlived her mother, the life tenant; and *second,* if she did take a vested interest at her father's death, did she devise and bequeath, by her last will, all her interest in both her real and personal estate to Amelia K. Worrall, one of the defendants?

The following is a copy of Caroline A. Riggs' will:

"*In the Name of God, Amen:* I, Caroline A. Riggs, of the City of New York, being of sound and disposing mind, do make and declare this to be my last will and testament, hereby revoking all former wills by me at any time made:

Miller *v.* Worrall.

"*First.* I direct my executor and executrix hereinafter named, to pay my just debts and funeral expenses.

"*Second.* I give and bequeath to the three children of my late husband, George Riggs—Edward, George C. and Amelia K.—all of the household belongings left to me by will of my late husband, George Riggs, share and share alike.

"*Third.* All the rest and *residue of my property, personal or mixed,* wheresoever situated, which I now own, and any or all accumulation therefrom, I give, devise and bequeath absolutely to my daughter, Amelia K. Riggs, the youngest child and only daughter of my late husband, George Riggs. I name, constitute and appoint my nephew, George H. McCutcheon, executor, and my said daughter, Amelia K. Riggs, executrix of my last will and testament.

"Witness my hand this second day of May, A. D. 1895.

"CAROLINE A. RIGGS."

"Signed, published and declared by the above-named testator, Caroline A. Riggs, as and for her last will and testament, in the presence of the undersigned, who, in her presence and at her request, in the presence of each other, have signed our names as subscribing witnesses hereto.

"RICHARD P. WORRALL,
"May 2d, 1895.                           WILLIAM T. MIDDLETON."

*Mr. John R. Hardin* and *Mr. Cortlandt Parker,* for the appellants.

*Mr. Frederick F. Guild,* for the respondents.

The opinion of the court was delivered by

FORT, J.

We agree with the conclusions reached by the learned vice-chancellor in the case, in so far as they relate to the construction of the last will of John Jelliff, where he holds that, under said will and codicils thereto annexed, his children living at his death took a vested interest in his estate, and that nothing occurred prior to the death of his daughter, Caroline A. Riggs, by which she was divested of her interest.

But in the opinion of the learned vice-chancellor we find no reference to the will of Caroline A. Riggs, or anything to indicate that the peculiar phraseology as to the bequest to Amelia K. Riggs, by the third item thereof, was considered by him.

The decree appealed from contained this clause:

"Said Caroline A. Riggs, upon the death of her father, the said John Jelliff, took, and at the time of her death was entitled to, a vested undivided one-sixth equitable interest, as *cestui que trust,* in all the real and personal estate of the said John Jelliff, subject, in the first place, to the life estate therein of her mother, the said Mary Jelliff, and subject to be divested by the death of the said Caroline A. Riggs leaving issue her surviving in the lifetime of her mother, Mary Jelliff; and that inasmuch as the said Caroline A. Riggs died without leaving issue in the lifetime of her mother, Mary Jelliff, the said undivided one-sixth equitable interest in the said real and personal estate never became divested, but remained the absolute property of the said Caroline A. Riggs, and at her death passed, under her last will and testament, to her personal representatives and devisees."

To sustain so much of the above-quoted clause of the decree appealed from in this case as decrees that, by the will of said Caroline A. Riggs, the real estate of which she died seized passed to her devisees, we must find authority in that will, or otherwise the real estate of which she died seized will descend to her heirs-at-law, as though she had died intestate.

Lord Mansfield stated the rule to be that the testator's "intention is to be collected from all the parts of the will, and it must be clear, or else the heir-at-law shall not be disinherited. *Oates* v. *Cooke, Burrows 1684; Stephenson* v. *Heathcole, 1 Eden 48; Spearing* v. *Buckner, 6 T. R. 610.*

No real estate of which Caroline A. Riggs died seized was devised by her will, unless it can be held to have been so devised by the third item thereof.

The third item of her will reads as follows:

"*Third.* All the rest and *residue of my property, personal or mixed,* wheresoever situated, which I now own, and any or all accumulation therefrom, I give, devise and bequeath absolutely to my daughter, Amelia K. Riggs, the youngest child and only daughter of my late husband, George Riggs."

It is clear that this item of her will effectually bequeathed to Amelia K. Worrall (*nee* Riggs), the defendant, all the personal estate of which she died possessed (except that bequeathed by the

Miller *v.* Worrall.

second item of her will), and included all the interest in the· estate of her father, John Jelliff, under his will, which was, at the time of her death, personal property, and that included all· the personal property possessed by said Jelliff at his death, and the proceeds of any real estate which had been sold by the executors during the life of Mrs. Riggs.

This personalty, in the language of the decree of the vice-chan-· cellor, "passed, under her last will and testatment, to her personal representatives."

But did the real estate also pass under this third item of the will?

As we have seen, the rule is that it did not so pass unless it was the clear intent of the testatrix that it should do so. We do not think that such an intent appears; on the contrary, we· think that such intent does not appear, but that the words used limit the estate which it was intended should pass, under the· third clause of her last will, to her personal estate only.

The language of her will is "all the rest and residue of my property, *personal and mixed,* wheresoever situate, which I now own, and any or all accumulations therefrom, I give, devise and· bequeath," &c.

While the testatrix here uses the words "all the rest and residue of my property" and the word "devise," still we think, in view of the use of the words "personal and mixed" immediately· following "property," that these words must be held to qualify and define the kind of property intended to be disposed of by the will, and that no broader signification can be given to the words· "personal and mixed," as here used, than their well-recognized· meaning conveys, and if there be doubt, that doubt must be resolved in favor of the heir as against one who claims as a devisee.

The testatrix, in using the words "personal and mixed," is using· technical words, and by well-settled rules of construction they must be given their technical meaning.

Mr. Justice Van Syckel, in construing words in a will in a case· decided at the present term of this court, uses this language: "In construing wills it must be presumed that words are used in their appropriate technical sense. * * * Otherwise there will· be no uniform rule of interpretation and no stable signification·

given to language which has a definite meaning in law." *Chandler, Executor,* v. *Thompson, Guardian,* 17 *Dick. Ch. Rep.* 728.

Nor will the contention that the words "all the rest and *residue* of my property," when taken in connection with their limitation by the words "personal and mixed," be deemed to devise realty.

The words "all the remainder of the rents, profits *and residue of my estate*" were held not to be words which would convey real estate when used in the manner that the testator had employed them. *Den* v. *Snitcher,* 2 Gr. 53.

The words "residue of my estate," though words of sufficient breadth to devise real estate when so intended, will be held to be used in a restricted sense when that intention appears from other words used or direction made in connection with their use in the will. *Birdsall* v. *Applegate, Spenc.* 244; *Den* v. *Snitcher, supra; Bullard* v. *Goffe,* 20 *Pick* 252.

The word "property," when used in connection with "property, money and effects," has a restricted import, and does not embrace real estate. *Beach Wills* § 261; *Brawley* v. *Collins,* 88 *N. C.* 605.

The words "personal and mixed" by no construction or recognized legal signification can be extended so as to devise real estate. It will be unnecessary to define "personal."

"Mixed property" is said to be "that which, though falling under the definition of things real, is attended with some of the legal qualities of things personal. Also property which, though falling under the definition of things personal, is attended with some of the legal qualities of things real." *Am. & Eng. Encycl. L.* 697.

A better definition is as follows: "That kind of property which is not altogether real, nor personal, but a compound of both. Heirlooms, tombstones, monuments in a church and title deeds to an estate are of this nature." 2 *Bouv. Dict.* 190; 1 *Shars. Bl. (Book 2)* 428.

Real estate does not pass under a bequest "of the rest, residue and remainder of my estate, consisting in ready money, plate, jewels, leases, judgments or in any other thing whatsoever or wheresoever." *Timewell* v. *Perkins,* 2 *Atk.* 102.

Miller *v.* Worrall.

Where the words "residue of my estate" appear, from the context of the will, to have been confined to personal property only, they will not be held to extend to real estate. *Cruise Dig.* (*tit.* "*Devise*") *c. 10 § 76.*

It is quite material in construing a devise of "all my estate," by a testator, whether he has made previous mention of land of which he was seized in fee. *Cliffe* v. *Gibbons, 2 Ld. Raym. 1324.*

The clause "all my stock in trade, household goods, wearing apparel, ready money, and every other thing, my property of what nature and kind soever," was held not to pass land, being controlled by indications which render the intent of the testator uncertain. *Doe* v. *Rout, 7 Taunt. 79.*

The rule deducible from all the cases is that if there be uncertainty as to the intent of the testator to devise the real estate in his last will, it will not be construed to do so; in fact, the rule should be stated in this wise, that there must appear from the words used by the testator a clear intent to devise his real estate, otherwise the heir-at-law will not be disinherited.

We do not think that by the words "all the rest and residue of my property, personal and mixed, wheresoever situated," &c., used by Caroline A. Riggs in her last will, that there is such freedom from uncertainty as to her intention as to make it clear that she intended to devise her real estate by the third item of her will, but, as to that, we think she died intestate, and that her real estate descended to her heirs-at-law, and to this extent the decree appealed from should be modified. For this purpose the decree is reversed.

*For reversal* — THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, KRUEGER, ADAMS, VREDENBURGH, VOORHEES—12.

*For affirmance*—None.