FLORENCE SAYRE

*v.*

ENOS KIMBLE et al.

[Decided July 18th, 1921.]

1. All the provisions of a will must be considered, and, if possible, given effect.

2. Where a will gave one brother the income from certain property during his lifetime, and in subsequent clauses gave the residue of the estate to such brother and another brother, and directed that on the first brother's death his income should go to the other brother during his lifetime, and that on the death of both brothers the whole estate should go to a designated niece, and that on the death of the niece the whole estate should go to such two brothers—*Held*, to give the first brother the income of the described property during his lifetime, or in the event of his death before the other brother, to give such income to the other brother during his lifetime, and to give the residue, including the reversion of the designated property. to the two brothers in fee, to be divested at their death and vested in the niece in the event of her surviving them both.

3. A testator having given his devisee an absolute estate in fee could limit the estate by a subsequent provision clearly showing his intention that the estate should go over to another person upon the happening of a specified contingency, in which case the estate, though so limited, is still a fee, since it will last forever if the contingency does not happen, but so long as it is possible for the contingency to happen, it is a determinable fee.

4. If the devisee. to whom an absolute estate in fee is given, is empowered by the will to convey in fee-simple, a subsequent clause providing that the estate should go over to another person upon the happening of a specific contingency is void.

5. A testator will not be presumed to have intended by subsequent expressions and limitations to cut down or condition a fee-simple estate which has been clearly given, and the intention of the testator to limit it over in such circumstances must be clear.

---

On final hearing on bill for construction of will of Lewis F. Kimble.

*Mr. Lewis Starr,* for the complainant.

*Mr. Samuel P. Hagerman,* for the defendant Evin T. Kimble.

*Mr. Joseph W. Wilson,* for the defendant Enos Kimble.

LEAMING, V. C.

The will of Lewis F. Kimble, after making several bequests, provides as follows:

"*Sixth.*—I also give and bequeath to my brother Enos Kimble the income from 423-425-427 Chestnut St.. and 1136 Broadway and the interest on the Camden Fire Association Stock also the interest on Fifteen Thousand ($15,000). The same to be held in trust during his lifetime. He is to keep the said properties in good repair and pay all taxes, water rents and city claims against the same.

"*Seventh.*—I give and bequeath all the rest of my property both real and personal of whatsoever kind and wherever found to my two brothers Enos Kimble and Evin T. Kimble to share and share alike to them and their heirs forever.

"*Eighth.*—Should Enos Kimble depart this life. all his income is to go to my brother Evin T. Kimble during his lifetime.

"*Ninth.*—At the death of Enos and Evin T. Kimble the whole estate is to go to my niece Florence Kimble to her and her heirs forever.

"*Tenth.*—Should my niece Florence Kimble depart this life then the whole estate to go to my two brothers Enos Kimble and Evin T. Kimble to share and share alike to them and their heirs forever."

Pursuing the cardinal rule of construction that all of the provisions of a will must be considered, and if possible given effect, it seems clear that testator's intent was to give to Enos Kimble

the income of the property named in the sixth clause of the will
during his lifetime, and in the event of the death of Enos before
Evin T. Kimble, to give that income to Evin during his lifetime;
the residue of testator's estate, including the reversion of the
property already referred to, testator, obviously, intended to go
to Enos and Evin in fee-simple, subject to the provision that at
their death it should go to Florence Kimble in the event of her
surviving them, and not otherwise.

I find nothing in either the rules for the construction of wills
or in any recognized restriction of estates which may be created
through testamentary provisions that in any way militates
against giving full and complete effect to that intent.

Although by the seventh clause of the will an absolute estate
in fee in the residuary estate is expressly given to Enos and
Evin, it was testator's privilege to limit that estate by a subse-
quent valid provision that the estate should go over to another
person upon the happening of a specified contingency. An estate
in fee, when so limited, is still a fee, for the reason that it will
last forever if the contingency does not happen, but so long as it
is possible that the contingency may happen, it is a determinable
fee.   In the adjudicated cases the contingencies on which de-
terminable estates in fee have been most frequently considered
and declared to exist under the provisions of wills, will be found
to have been the death of the first devisees without issue; but
it has also been held that estates whose continued duration de-
pend upon the survivorship of the devisee beyond the life of some
other person are also determinable fees. *30 Am. & Eng. Encycl.
L.* (*2d ed.*) *752*. Indeed, it seems impossible to distinguish in
principle the two classes of contingencies referred to.

This right of limitation of an estate in fee is surrounded by
appropriate restrictions.   Since an executory devise is inde-
structible by the act of the owner of the precedent estate, it neces-
sarily follows that if the first devisee is clothed by the will with
the right to convey in fee-simple so as to destroy the attempted
limitation over, the limitation over is void.   Nor will a testator
be presumed to have intended by subsequent expressions and
limitations to cut down or condition a fee-simple estate which
has been clearly given, and, accordingly, the intention of testator

to limit over in such circumstances must be clear; but when made clear by the provisions of a subsequent clause of a will the precedent estate in fee may be thus limited over.

My conclusion is, that Enos Kimble and Evin T. Kimble enjoy in the residuary estate of Lewis F. Kimble, deceased, a vested estate in fee, subject to be divested at their death and vested in Florence Kimble in the event of her surviving them both. This conclusion is consistent with the principles defined in *Patterson v. Madden, 54 N. J. Eq. 714.*