**SHAFFER et v GALBREATH et**

Ohio Probate Court, Tuscarawas Co

Decided March 25, 1938

Geo. W. Reed, Uhrichsville, for plaintiffs.

Scott Harrison, Uhrichsville, for defendants.

## OPINION

By LAMNECK, J.

Franklin W. Shaffer died testate on December 28, 1936, and thereafter Raymond A. Galbreath was appointed executor of his estate. At the time of his death, the decedent and the said Raymond A. Galbreath were partners in a wholesale tobacco business under the name of F. W. Shaffer Tobacco Company. Originally said decedent was the sole owner of said business but the decedent transferred a half interest therein prior to his death to the said Raymond A. Galbreath.

Part of the third item in said decedent's will, executed on November 14, 1930, reads as follows:

"I give and bequeath to Raymond Galbreath, provided he survive me, my 'cigar business at No. 332 N. Main St. in the city of Uhrichsville, O., said business includes only the good will, stock and equipment in said place of business, and trucks and accts. he assuming all bills against business."

On November 25, 1935, the decedent executed a codicil to his will, which reads as follows:

"My wife, Jessie F. Shaffer having preceded me in death, I desire that the third item of the within will shall be changed to read as follows: I direct that my estate be distributed as follows: Having heretofore assigned and transferred to Raymond Galbreath an undivided one-half interest in my cigar and tobacco business carried on at 330 N. Main St., Uhrichsville, Ohio, I give and devise to him the remaining one-half thereof, including good will, stock and equipment, trucks, accounts, credits, and the use, so long as he continue the business, of the east and west stalls of the garage on the homestead lot, he to assume all

of the obligations of the business. The remainder of my estate I give and devise to my sister, Jennie Cash and my nephew, Franklin W. Shaffer, Jr., share and share alike. My household goods and personal effects may be distributed without sale."

At the time of decedent's death, there was on deposit in the name of F. W. Shaffer Tobacco Company in the First National Bank of Dennison, Ohio, a checking account in the sum of $4,312.36, and against this sum checks had been issued and uncashed at the time of decedent's death, in the sum of $8,100.57.

This action is for a declaratory judgment, it being the contention of the plaintiffs that said sum of $4,312.36 is not included as a part of the "cigar and tobacco business" bequeathed to the defendant, Raymond A. Galbreath, under the codicil.

There is no question that under the original will, money on deposit would not have passed to Raymond A. Galbreath, because the bequest was limited to "only the good will, stock and equipment in said place of business, and trucks and accounts." These are plainly words of restriction because of the use of the word "only."

However, it is contended that the bequest in the codicil of "an undivided one-half interest in my cigar and tobacco business" * * * "including good will, stock and equipment, trucks, accounts, credits" includes money on deposit because these words are not words of restriction but simply an explanation of the chief tangible property.

In the case of Coyle v Donaldson, 91 N. J Eq. 138, 108 Atl. 308, it was held the word "business" included good will, a lease on the property in which the business was carried on, appliances, equipment, stock in hand, money on hand and credits due the business. This result was reached, in part, because no money legacy was given to the person to whom the business was given, and the court assumed that the testator did not expect the legatee to carry on the business without capital.

It was likewise held by the same court in Murphy v Murphy, 118 N. J. Eq. 108, 117 Atl. 682, that a bequest of a one-half interest of "my printing business and the machinery and plant and stock in trade, good will and fixtures," included money on deposit used in connection with the business.

In the case of In Re Lowe, 149 App. Div. 347, 134 N. Y. S. 537; 206 N. Y. 671, 99 NE 722, it was held that a bequest of a "print-

ing office and bindery, together with all the presses, binding machinery, type, paper on hand, office furniture, and equipment of every nature connected with said business" included cash on hand, and checking accounts used in the business.

Whether or not the term "business" includes the entire capital of the business depends, in part, upon the language used in the will. If the term is not restricted by the language used, the term "business" includes the entire capital. It apparently was the intent of the decedent in his will to continue his business as a going concern. To hold that the bank account in question did not pass under the codicil to the surviving partner would destroy the working capital of the business, and would leave nothing with which to meet the current debts of the partnership, since it was specified that the surviving partner should pay all of the debts of the partnership, and no money legacy was left him in the will. Since the bank account amounted to only $4312.36 with obligations owing of over $8,100.57 is apparent that the surviving partner would be obliged to add a considerable sum in cash to the business if the bank account did not pass to the surviving partner. The testator knew that such a business could not be carried on successfully without capital, as the language of the will indicates that he wished the business to continue as a going concern, the court can only assume that the bank account passed under the codicil to the surviving partner. To hold otherwise would make a serious invasion upon the live assets of the business and this should not be done unless the will clearly calls for that construction.

It should also be noted that when the decedent conveyed a one-half interest in the business to the surviving partner during his lifetime, it included a one-half interest in the working capital.

It will therefore be held that the codicil passed to the surviving partner all of the decedent's interest in the assets of the business of the F. W. Shaffer Tobacco Company including good will, stock and equipment, trucks, accounts, credits, and the use of the east and the west stalls of the garage on the decedent's homestead so long as the surviving partner continues the business, together with all cash and money on deposit used in the conduct of said business, the surviving partner assuming all of the obligations of said business.