Annie M. Ackerman, a resident of Ridgewood, New Jersey, died on or about December 29th, 1944, leaving a last will and testament, which was duly probated. In her lifetime she executed certain trust indentures for the benefit of her heirs and next of kin, all of which are similar in form. The complainant, The Hackensack Trust Company, was designated the trustee in three of these trusts, and in the fourth trust, The Citizens Trust Company of Paterson, New Jersey, was named trustee with James T. Ackerman as co-trustee. Under the terms of the indentures the decedent transferred and delivered to the trustees certain securities, the income of which was to be paid her for her life, and thereafter to the life tenants and the remaindermen named therein.
The deeds provide that in addition to the transfer of the securities constituting the principal of each trust at the time of the execution of each agreement, the settlor covenants that she would, by the provisions of her last will and testament, convey certain parts of her real and personal estate to the trustee, to be added to each of the respective trust funds. The trusts may be referred to as follows:
(a) One dated April 16th, 1934, for the benefit of Ethel Serviss Ackerman, Ruth Serviss Ackerman and David D. Ackerman, Jr. The settlor here agreed to devise to the trustee by her will one-third of her estate, which was to be added to the principal established during her lifetime.
(b) One dated May 11th, 1934, with supplemental agreement thereto dated April 4th, 1935, for the benefit of May Bell Harper and William S. Harper, under the terms of which the settlor agreed to devise to the trustee by her will one-ninth of her estate to be added to the corpus established during her lifetime.
(c) One dated November 19th, 1934, for the benefit of Lois Palmer Wyman and Kendall Wyman, by the terms of which the settlor agreed to devise to the trustee by her will one-ninth of her estate to be added to the principal established during her lifetime.
(d) One dated April 27th, 1934, for the benefit of James T. Ackerman, the settlor's brother, and members of his family, *Page 246 
by the terms of which settlor covenanted to devise by her will one-third of her residuary estate to the trust. The will (paragraph 11 (b)), gives one-third of the residuary estate to The Citizens Trust Company of Paterson, New Jersey, as trustee under an agreement dated April 27th, 1934, which is stated to be the trust created for the benefit of James T. Ackerman and his family.
In her last will and testament the testatrix devised one-ninth of her residuary estate to the complainant as trustee under the deed of trust dated April 16th, 1934, which it erroneously recites was created for the benefit of May Bell Harper. The deed of trust dated April 16th, 1934, was created for the benefit of Ethel Serviss Ackerman, Ruth Serviss Ackerman and David D. Ackerman, Jr. The deed of trust created in favor of May Bell Harper is dated May 11th, 1934, with supplemental agreement thereto entered April 4th, 1935. The complainant contends that the aid of the Court of Chancery is required to determine whether the testatrix intended the devise to the complainant as trustee under the deed of trust dated April 16th, 1934, for the benefit of Ruth Serviss Ackerman, Ethel Serviss Ackerman and David D. Ackerman, Jr., or under the deed of trust dated May 11th, 1934, with supplemental agreement thereto dated April 4th, 1935, for the benefit of May Bell Harper and William S. Harper.
The decedent's will made no provision for the devise to the trustee in so far as the trust established on November 19th, 1934, for the benefit of Lois Palmer Wyman and Kendall Wyman was concerned. However, she did bequeath and devise one-ninth of her residuary estate to the said Lois Palmer Wyman, who is one of the beneficiaries in the trust hereinabove designated. A determination is sought as to whether the devise to Lois Palmer Wyman was the intent of the testatrix, or whether it was a mistake of the scrivener of the will, in view of its conflict with the provisions of the trust agreement wherein she covenanted to convey one-ninth interest of her residuary estate to the complainant to be held in trust for the said Lois Palmer Wyman.
The defendants Rosa A. Livingston and Clara T. Van *Page 247 
Horn, daughters of the defendant James T. Ackerman, by their counter-claim filed herein, seek instructions as to their duty under the trust agreement executed by Annie M. Ackerman in her lifetime, which is dated April 27th, 1934, wherein it, among other things:
(a) Named the Citizens Trust Company of Paterson, New Jersey, trustee, and the defendant James T. Ackerman, co-trustee.
(b) Provided for the transfer of stocks and securities of the value of $14,000 to the trustee as the principal of the trust.
(c) Directed that the income from the securities be paid to the said Annie M. Ackerman for life and upon her death to the co-trustee named therein — the defendant James T. Ackerman, and upon his death to his wife, Clara P. Ackerman; and upon her death that the principal be divided among their children, the income of which to be paid to them during their respective lives, and upon their death, the principal be paid to the heirs or devisees as each respective child might by will direct.
(d) That if The Citizens Trust Company of Paterson, New Jersey, became insolvent, dissolved or suspended business, then the life tenant enjoying the income from the trust fund at that time had the right to appoint a national bank or trust company of New Jersey as successor trustee.
(e) That the settlor would add to the stocks and securities transferred to the trustee, after her death, by bequeathing and devising to the trustees, their successors and assigns, one-sixth of her residuary estate which she might own at the time of her death.
On May 9th, 1934, the settlor amended the last mentioned trust agreement in the following respects:
(a) By adding stocks and securities amounting to $14,000 to the principal of the trust, bringing the total thereof to $28,000;
(b) By increasing the fraction of her residuary estate which she had covenanted and agreed to bequeath and devise to the trustee by her last will and testament from one-sixth of her residuary estate to one-third thereof;
(c) Increases of principal were to be treated as income and *Page 248 
paid to the respective life tenants, provided the principal was maintained at a value of $28,000.
On April 30th, 1942, the counter-claimants were appointed successors to The Citizens Trust Company, trustee named in the trust agreement.
The income of the last above mentioned trust was paid by the trustees to the settlor up to the time of her death on December 29th, 1944.
By the terms of her last will and testament, Annie M. Ackerman devised and bequeathed one-third of her residuary estate to the original trustee named in the deed of trust — The Citizens Trust Company of Paterson, New Jersey, to be added to the principal of trust fund. The counter-claimants seek such a construction of this part of the decedent's last will and testament as will vest in them, as successors of the said Citizens Trust Company, the said one-third of the residuary estate of the testatrix.
The counter-claimants also seek a determination as to classification of certain cash dividends on stock held as a part of the principal of the trust declared during the lifetime of the testatrix but not paid until after her death; whether the said dividends are to be considered as income or principal; or whether having been declared during the lifetime of the settlor, they become part of her residuary estate; or not having been paid until after her death they should be paid to the second life tenant under the trust agreement, the defendant James T. Ackerman.
The counter-claimants also seek equitable relief by way of a construction of that portion of the last will and testament of the testatrix as directs that all taxes upon the estate be paid out of the estate, and whether this provision of the will includes the anticipated taxes on the inter vivos gifts made by the testatrix as the settlor in the said deed of trust.
The complainant seeks a construction, and instructions on that part of the decedent's last will and testament which provides:
"Third: I direct that all inheritance, estate and other taxes shall be paid by my estate and not by the beneficiaries hereinafter named." *Page 249 
The complainant declares that the United States and the State of New Jersey may seek to impose an estate, gift and inheritance tax with respect to the transfers of stocks and securities made by the testatrix in her lifetime by means of the aforesaid deeds of trust, and that it is necessary to determine whether the executor and executrix under the will will be liable in their official capacity for payment of such taxes from the estate of the decedent, or whether they are entitled to reimbursement from the three trust funds under the provisions of paragraph third of the will.
The complainant seeks further instructions as to whether the following constitute income or principal:
(a) Stock dividends on stocks held as part of the principal in the trust dated April 16th, 1934, for the benefit of Ethel Serviss Ackerman, Ruth Serviss Ackerman and David D. Ackerman, Jr., declared by the Bankers Trust Company on November 21st, 1944, during the lifetime of the said Annie M. Ackerman, but not payable or received until after her death.
(b) Certain cash dividends declared on stock constituting part of the principal in trust agreements dated April 16th, 1934, for the benefit of Ethel Serviss Ackerman, Ruth Serviss Ackerman, and David D. Ackerman, Jr., and deed of trust dated May 11th, 1934, for the benefit of May Bell Harper and William S. Harper, and by deed of trust dated November 19th, 1934, for the benefit of Lois Palmer Wyman and Kendall Wyman, all of which dividends were declared during the lifetime of the testatrix but not payable or received until after her death.
One of the questions arising at the hearing was whether the trust for Mrs. Harper, and others (Exhibit C-5), takes one-ninth of Miss Ackerman's residuary estate under paragraph eleventh (c) 1 of her will (Exhibit C-2), or whether such one-ninth goes to the trust for Ethel Serviss Ackerman, and others (Exhibit C-4). Those to be affected are the present life tenants and the remaindermen of the two trusts. The evidence indicates that complainant never was trustee for Mrs. Harper under any deed of trust dated April 16th, *Page 250 
1934. It is trustee for Ethel Serviss Ackerman, and others, under a deed of trust dated April 16th, 1934.
It is my opinion that the decedent intended that Mrs. Harper, and others, were to be her beneficiaries of the one-ninth residuary estate mentioned in paragraph eleventh (c) 1 of her will (Exhibit C-2). The will specifically mentioned her by name, and also as being her sister. The identity of the person she had in mind, is clearly established by name and relationship, and these references are persuasive. The complainant is so instructed.
Outstanding in the instant proceedings is the failure of the decedent Annie M. Ackerman, to abide by the provisions of the deed of trust (Exhibit C-6), made by her to complainant on November 19th, 1934, which read as follows:
"In addition to the investments set forth in Schedule annexed and that may be annexed to this agreement, Miss Ackerman hereby grants and conveys to the said Trustee one-ninth (1/9) of her estate real and personal which she may own at the time of her death after payment of debts, funeral expenses, inheritance taxes, bequests and other obligations due from her said estate,and Miss Ackerman hereby covenants and agrees with the saidTrustee, its successors and assigns, that she by her Last Willand Testament, duly executed according to law, will bequeath anddevise to the said Trustee, its successors and assigns, aone-ninth (1/9) part of her estate after payment of theaforesaid obligations, to be held in trust under the terms ofthis agreement for the benefit of the beneficiaries named hereinand subject to the terms and conditions of this agreement; itbeing the intention of this provision that Miss Ackerman shallbind herself to give to the Trustee for the benefit of her niece,Lois Palmer Wyman, and her family according to the terms of thisagreement the investments described in the annexed schedule orany schedules hereafter to be added to this instrument, and alsoone-ninth (1/9) of Miss Ackerman's net estate which she mayown at the time of her death." (Italics mine.)
Mrs. Wyman's counsel argues that the decedent's testamentary gift to his client is outright and absolute. He contends the trust agreement is not a binding obligation of the settlor in that it was not founded upon sufficient consideration. In support of this contention Mrs. Wyman testified, over objection, that she and her children gave no consideration for Miss Ackerman's promise. While this testimony was received, *Page 251 
upon further reflection, I have come to the conclusion that it should not have been admitted into the record. The witness' testimony, I feel, was not the best evidence; she and her children were third party beneficiaries and not signatories of the deed of trust.
The complainant takes the position that there are scrivener's mistakes in Miss Ackerman's will, which resulted in apparent dispositions or failures of disposition of portions of her estate contrary to her testamentary intent. These mistakes, it contends, are:
(1) The bequest to The Hackensack Trust Company as trustee for Mrs. Harper, and others, under deed of trust dated April 16th, 1934, whereas there is no such trust of that date for Mrs. Harper, there being one dated May 11th, 1934; the only one of that date being for Ethel Serviss Ackerman, and others.
(2) The bequest to Mrs. Wyman individually instead of to The Hackensack Trust Company as trustee for her, and others.
(3) The bequest to The Citizens Trust Company of Paterson as trustee for James T. Ackerman, and others, without words of succession, which has given rise to the counter-claim filed by counsel on behalf of the successor trustees of that trust.
It would appear from the mistakes above mentioned that the scrivener of Miss Ackerman's will did not have before him the various trust indentures which the testatrix had previously executed, from which he could have correctly ascertained her testamentary intent as it appeared to be there outlined.
Considering the decedent's will and her surroundings when she executed her will, I feel it was her intention (1) to bequeath one-ninth of the residuary estate to the trust dated May 11th, 1934 (not April 16th, 1934), for the benefit of Mrs. Harper, and others; (2) to bequeath one-ninth of the residuary estate to the trust dated November 19th, 1934, for the benefit of Mrs. Wyman, and others; and (3) to bequeath one-third of the residuary estate to The Citizens Trust Company of Paterson, New Jersey, and its successors, as trustee *Page 252 
of the trust dated April 27th, 1934, for the benefit of James T. Ackerman, and others. Coyle v. Donaldson, 91 N.J. Eq. 138;108 Atl. Rep. 308.
 In Commercial Trust Company of New Jersey v. Kohl, 131 N.J. Eq. 233; 24 Atl. Rep. 2d 809, this court held:
"The well recognized rule governing the construction of wills is that the dominant idea pervading the testament must control; and minor considerations must yield if in conflict therewith. Secondary intent will be construed, if possible, so as to harmonize with the testator's paramount intent. Thompson onConstruction of Wills, §§ 4, 46, 49 and 95. Miller v.Worrall, 62 N.J. Eq. 776; 48 Atl. Rep. 586; Stout v. Cook,77 N.J. Eq. 153; 75 Atl. Rep. 583; Johnson v. Bowen, 85 N.J. Eq. 76; 95 Atl. Rep. 370; Sayre v. Kimble, 93 N.J. Eq. 30;114 Atl. Rep. 744; Rowley v. Currie, 94 N.J. Eq. 606; 120 Atl. Rep. 653;Byrne v. Byrne, 123 N.J. Eq. 6; 195 Atl. Rep. 848. It has truly been said `no will has a twin brother.' In re Burton'sWill, 156 Misc. 175; 281 N.Y.S. 579. That perspicuous contribution to the pages of testamentary disposition is comprehensive. Apart from its legal implications it exhibits the wisdom and industry of its judicial author. Every will bears a distinctive outline; it conveys its own message. In case of doubt in the language, we must look to the instrument executed by the decedent and from its `four corners' endeavor to ascertain the testator's predominant intent.
"Vice-Chancellor Backes in Johnson v. Haldane, 95 N.J. Eq. 404; 124 Atl. Rep. 63, succinctly expresses the principle in the following language:
"`In construing a will the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it. * * *A clear gift in one clause cannot be taken away or cut down bydoubtful expressions in another clause, but only by express wordsor by clear implication.' (Italics mine.)
"Or as it is stated by our Court of Errors and Appeals inCoyle v. Donaldson, 91 N.J. Eq. 138; 108 Atl. Rep. 308:
`Whether such was the testator's meaning and intention * * * must be determined, not by fixing the attention on single *Page 253 
words, but by considering the entire will and surroundings of the testator, when he executed the will, and by ascribing to him, so far as his language permits, the common impulses of our nature.'"
I do not feel that the decedent deliberately set out to break her contract as it is expressed in the trust deed, Exhibit C-6.
I am inclined to the belief that a mistake was made by the scrivener of her will. Counsel for Mrs. Wyman charges want of consideration for the contract, and attempted to prove such lack by the testimony of Mrs. Wyman (which proof was not competent as hereinabove indicated); the trust deed is under seal, which is presumptive evidence of consideration; and no satisfactory proof was offered to rebut the presumption. The law of this state is well settled that an agreement to make a will is enforceable.Drake v. Lanning, 49 N.J. Eq. 452; 24 Atl. Rep. 378; Duvale
v. Duvale, 54 N.J. Eq. 581; 35 Atl. Rep. 750; Deseumeur v.Rondel, 76 N.J. Eq. 394; 74 Atl. Rep. 703; Danenhauer v.Danenhauer, 105 N.J. Eq. 449; 148 Atl. Rep. 390; Lings v.Urquhart, 106 N.J. Eq. 506; 151 Atl. Rep. 391; DiGirolamo v.DiMatteo, 108. N.J. Eq. 592; 156 Atl. Rep. 24; Burdick v.Grimshaw, 113 N.J. Eq. 591; 168 Atl. Rep. 186; Ochs v. Ochs,122 N.J. Eq. 143; 192 Atl. Rep. 502 (507); Ehling v.Diebert, 128 N.J. Eq. 115; 15 Atl. Rep. 2d 655; affirmed,129 N.J. Eq. 11; 17 Atl. Rep. 2d 777.
Miss Ackerman not only covenanted under seal to bequeath one-ninth of her estate to this trust, she actually assigned and transferred such one-ninth by the trust deed. Such an assignment, even though of a future interest, as in after acquired property, is valid and enforceable in equity. 6 C.J.S. 1055-1056. In such circumstances equity will enforce the agreement and grant relief by imposing a resulting trust upon the subject-matter. That course will be followed in the instant case, and complainant is so instructed. Clawson v. Brewer, 67 N.J. Eq. 201;58 Atl. Rep. 598; Lawrence v. Prosser, 88 N.J. Eq. 43;101 Atl. Rep. 1040.
The executors of Miss Ackerman's estate are not entitled to reimbursement from complainant for inter vivos inheritance and estate taxes. See Gaede v. Carroll, 114 N.J. Eq. *Page 254 524; 169 Atl. Rep. 172; Turner v. Cole, 118 N.J. Eq. 497;179 Atl. Rep. 113; Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458; 6 Atl. Rep. 2d 392; Morristown Trust Co. v. Childs,128 N.J. Eq. 524; 17 Atl. Rep. 2d 559; Commercial TrustCo. v. Kohl, supra; Commercial Trust Co. v. Thurber, 136 N.J. Eq. 471; 42 Atl. Rep. 2d 571; affirmed, 137 N.J. Eq. 457;45 Atl. Rep. 2d 672; Phraner v. Stone, 137 N.J. Eq. 284;44 Atl. Rep. 2d 504.
The three trust indentures under which complainant is acting as trustee (Exhibits C-4, C-5 and C-6), do not contain the tax payment clause which is in the trust indenture for James T. Ackerman (Exhibit C-10). That clause reads:
"The Trustee is authorized and empowered to pay all necessary and property taxes, costs, charges and expenses in connection with the trust and the administration thereof, and to conclusively determine whether the same or any part of such items are chargeable to principal or income. If any inheritance, transfer, succession or estate tax under any State or Federal law or under the law of any foreign country is imposed upon the trust fund or upon any part thereof or upon any right, title or interest therein or upon any right or succession to the principal and/or income thereof or upon the right vested or contingent of any beneficiary in the principal and/or income thereof, the Trustee is authorized and empowered to pay out of the principal of the trust fund any and all such taxes."
In the three trust indentures the only similar provision is:
"To pay the expenses of administration including taxes and the compensation of the Trustee."
Obviously this was not intended to include such extraordinary taxes as those which might be imposed after the death of the settlor with respect to inter vivos transfers, and, taken in connection with the language of the will, demonstrates that there is no right of reimbursement.
The three trust indentures, on the other hand, resemble the James T. Ackerman indenture (Exhibit C-10), in that the settlor agrees to bequeath to the trusts specified portions of her residuary estate after payment of inheritance taxes.
The evidence shows that the earnings on the shares of stock of the Bankers Trust Company were made since April 16th, *Page 255 
1934, when the trust was created and before December 29th, 1944, the date of the death of Miss Ackerman. Hagedorn v. Arens,106 N.J. Eq. 377; 150 Atl. Rep. 5. The stock dividend thus represents income belonging to the estate of the deceased life tenant. The stock itself goes to the corpus of the trust fund, and the interest of the deceased life tenant is to be charged against the corpus, to be satisfied if necessary by the sale of the stock.
The various cash dividends mentioned in the bill of complaint were derived from earnings made during the life of the respective trusts, and they were declared during the lifetime of Miss Ackerman, the settlor. The fact that some of them were not paid until after her death is immaterial. Beattie v. Gedney,99 N.J. Eq. 207; 132 Atl. Rep. 652. Those cash dividends belong to the estate of the deceased life tenant, Miss Ackerman.
The defendant counter-claimants, because of the failure of The Citizens Trust Company of Paterson to continue to act as trustee, were appointed through court proceedings to act as successor trustees. I believe the appointment to be valid. The trust company did not become insolvent; it was not dissolved, nor did it suspend business.
The will expressly provides for the possibility that either the Citizens Trust Company, or its successors, should refuse or be unable to take this gift, which clearly indicates that the gift was to the Citizens Trust Company or to counter-claimants as its successors. I feel that the omission to add to the name of the original trustee the formal words, "or its successors" does not, in the face of these provisions of the will, and of the trust agreement, indicate an intention to limit this gift to the original trustee.
The counter-claimants, as successor trustees, are entitled to the gift made by paragraph eleventh (b) of the will, which reads as follows:
"Three of said nine equal parts, being one-third of my residuary estate, I give, devise and bequeath to The Citizens Trust Company, of Paterson, N.J., as trustee, to be added to the principal of the trust created by a deed of trust, dated April 27, 1934, and executed by myself and the said The Citizens Trust Company of Paterson; and *Page 256 
the said The Citizens Trust Company of Paterson, as trustee, shall add the property hereby given to it as trustee to the principal or corpus of said trust and thereupon it shall form a part of said trust fund and shall be subject to the provisions and conditions contained in said deed of trust.
Said trust was created by me for the benefit, after my death, of my brother, James T. Ackerman, and his family.
If, for sufficient legal cause, the said Citizens Trust Company of Paterson, or its successors in office, should refuse to accept the property hereby given, or should not be in a position to administer the said trust according to the terms and provisions thereof, then I direct that the said one-third equal share shall be paid to my brother, James T. Ackerman, absolutely, and in the event of his death, to the executor or administrator of his estate, to be administered according to law."
Under the provisions of decedent's will, she did not intend to charge her residuary estate with payment of estate or inheritance taxes that might be imposed on disposition of property made during her lifetime in the creation of the inter vivos trusts for the benefit of the defendant James T. Ackerman. The executors of her estate, who will be primarily liable for the payment of any such taxes are entitled to reimbursement from the successor trustees of the said trust. See Gaede v. Carroll, supra;Commercial Trust Co. v. Milland, 122 N.J. Eq. 290;193 Atl. Rep. 814; Fidelity Trust Co. v. Suydam, supra; Morristown TrustCo. v. Childs, supra; Marks v. Equitable Life Assurance Co.,135 N.J. Eq. 339; 38 Atl. Rep. 2d 833; Palmer v. Palmer,135 N.J. Eq. 516; 39 Atl. Rep. 2d 438; Phraner v. Stone,supra. *Page 257